The LONG ISLAND RAIL ROAD COMPANY, Plaintiff-Appellant,

v.

NATIONAL MEDIATION BOARD, Brotherhood of Railway, Airline and Steamship Clerks, et al., Defendants-Appellees.

No. 1015, Docket 82–6319.

United States Court of Appeals, Second Circuit.

Argued March 3, 1983.

Decided March 25, 1983.

Lewis B. Kaden, New York City (Davis Polk & Wardwell, New York City, Cheryl L. Pollak, New York City, of counsel), for plaintiff-appellant.

Angela M. Sousa, Civil Division, Dept. of Justice, Washington, D.C. (Anthony J. Steinmeyer, Civil Div., Dept. of Justice, Washington, D.C., Edward R. Korman, U.S. Atty., E.D.N.Y., J. Paul McGrath, Asst. Atty. Gen., Ronald M. Etters, Gen. Counsel, National Mediation Bd., Washington, D.C., of counsel), for defendants-appellees, Nat. Mediation Bd.

John J. Sullivan, Washington, D.C., Highsaw & Mahoney, P.C. (Joseph Guerrieri, Jr., William J. Donlon, Rockville, Md., Gen. Counsel, Brotherhood of Railway, Airline and Steamship Clerks, Mitchell M. Kraus, Asst. Gen. Counsel, Rockville, Md., of counsel), for defendants-appellees, Brotherhood of Railway, Airline and Steamship Clerks.

Before FEINBERG, Chief Judge, and TIMBERS and CARDAMONE, Circuit Judges.

PER CURIAM:

The Long Island Rail Road Company (LIRR) appeals from an order of the United States District Court for the Eastern District of New York, Mark A. Costantino, J., granting summary judgment for appellees National Mediation Board (the Board) and Brotherhood of Railway, Airline & Steamship Clerks (BRAC). This suit stems from the Board's ruling that two previously non-represented groups of LIRR employees were eligible for inclusion in already existing bargaining units of LIRR employees.

In June 1980, BRAC petitioned the Board to determine whether certain unrepresented administrative employees could be accreted

to an already existing bargaining unit represented by BRAC. Shortly before the scheduled conclusion of the accretion election, the Brotherhood of Locomotive Engineers (BLE) objected to the election on the ground that some of these unrepresented employees would better fit within an existing BLE unit. The ballots were then impounded. Eight months later, after an investigation, the Board ordered that the disputed employees be excluded from the election because they had a greater community of interests with BLE employees. Shortly before the election ballots were to be counted, however, the United Transportation Union (UTU) objected to the inclusion of certain other employees. The Board dismissed the UTU petition the next business day, and certified BRAC as the bargaining representative following a close representation vote.

Meanwhile, also in June 1980, the American Airway & Railway Supervisors Association (ARSA) had petitioned the Board to determine whether certain unrepresented Mechanical Department employees wished to be accreted to an existing ARSA unit. In August 1980, while the ARSA accretion petition was still pending, the International Brotherhood of Electrical Workers (IBEW) sought to replace ARSA as the bargaining representative for all Mechanical Department employees, not only the previously non-represented ones. The Board dismissed the ARSA accretion petition, and held a representation election for the entire craft, which ARSA won. The Board then certified ARSA as the proper representative of these employees.

On appeal, LIRR claims that the Board certifications are invalid because the Board failed to investigate the disputes, as required by the Railway Labor Act, 45 U.S.C. § 152 (1976).

■ LIRR recognizes that courts may intervene in representation disputes only to correct a constitutional violation or a "gross violation of the statute." *British Airways Board v. National Mediation Board,* 685 F.2d 52, 55 (2d Cir.1982). But LIRR notes that a failure to investigate a representa-

tion dispute may constitute a gross statutory violation. See id. at 56. LIRR claims, therefore, that the district court had jurisdiction to review LIRR's allegations of failure to investigate, and should not have relied on the Board's assertion that it did investigate the disputes at issue. It is clear from the district judge's opinion, however, that he did consider LIRR's claims of failure to investigate. Moreover, after reviewing the record, we cannot say that the district judge erred in relying on the affidavit and documentary information supplied by the Board in support of its motion for summary judgment.

LIRR also argues that summary judgment was inappropriate because LIRR raised material issues of fact regarding the adequacy of the Board's investigation of both the UTU protest, and the original BRAC accretion petition. Turning to the former first, LIRR points out that the UTU petition was dismissed one business day after it was received, while the BLE petition was not resolved for eight months. LIRR characterizes the Board's affidavit on this issue as only a "conclusory" statement that the Board investigated the UTU protest. The Board claims that the UTU petition was not a "representation dispute" within the meaning of the statute, and that it therefore did not require an investigation. We need not decide that question, however, since even if the petition did raise a representation dispute, we cannot say that the Board's response was so inadequate as to constitute a gross violation of the statute. Unlike the BLE petition, the UTU protest did not allege that certain employees were more properly represented by it, but only that some of those employees had paid dues to UTU to maintain their seniority. The Board found this claim easy to resolve on the ground that the payment of dues is not determinative of eligibility for inclusion within a particular unit. Moreover, the Board argues that it had previously conducted an investigation of the positions in question. The "methods and procedures" employed in an investigation are within the discretion of the Board, *Brotherhood of*

*Railway & Steamship Clerks, Freight Handlers, Express & Station Employees v. Association for the Benefit of Non-Contract Employees,* 380 U.S. 650, 662, 85 S.Ct. 1192, 1199, 14 L.Ed.2d 133 (1965). The task of a reviewing court is only to determine whether "an investigation [is] so inadequate as to be a non-performance of the duty." See *British Airways,* supra, 685 F.2d at 56. After reviewing the record, including the affidavit of the Board's Executive Secretary, we cannot say that the district court erred in determining that the Board fulfilled its duty to investigate the issues raised by the UTU petition. Accordingly, the district court properly granted summary judgment on this claim. This applies a fortiori to the claim that the Board failed to investigate adequately the original BRAC accretion petition.

LIRR also argues that it raised a material issue of fact by alleging that the Board failed to investigate the ARSA accretion petition. According to LIRR, the Board considered only the larger ARSA–IBEW dispute, but did not attempt to determine whether the unrepresented Mechanical Department employees wished to be represented at all. The district court found that the Board does not normally hold an accretion election if more than one union qualifies for placement on the election ballot. Since Board decisions on procedures for representation elections are within its discretion, see *British Airways,* supra, 685 F.2d at 56, we cannot say that the district court erred in finding that the Board's decision to hold a single representation election to resolve the ARSA–IBEW dispute did not constitute a gross violation of the statute.

We have considered all of appellant's arguments, and find that they do not merit reversal of the decision of the district judge.